UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21612-BLOOM/Elfenbein

DELIA VILLANUEVA CASTELLANOS,

    Plaintiff,

v.

BJ'S WHOLESALE CLUB, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Plaintiff Delia Villanueva Castellanos' ("Plaintiff") Motion to Strike Defendant's Affirmative Defenses ("Motion"), ECF No. [17]. Defendant BJ's Wholesale Club, Inc. ("Defendant") filed a Response in Opposition ("Response"), ECF No. [21]. The Court has reviewed the Motion, the Response, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted in part and denied in part.

**I. BACKGROUND**

On March 20, 2024, Plaintiff filed her Complaint in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, claiming damages for injuries sustained at a gas pump/island at one of Defendant's stores in Miami, Florida. *Delia Villanueva Castellanos v. BJ's Wholesale Club, Inc.,* Case No. 2024-005031-CA-01, ECF No. [1-1]. Plaintiff alleges that on July 20, 2023, she tripped and fell from an "uneven and/or unleveled floor surface." *Id.* at 2. Defendant filed its Answer and Affirmative Defenses ("Answer") on April 24, 2024, ECF No. [6], and Plaintiff

thereafter filed the instant Motion seeking to strike four of Defendant's affirmative defenses: Defendant's third affirmative defense (*Fabre* defense), fifth affirmative defense (Plaintiff assumed the risk of injury), sixth affirmative defense (Plaintiff failed to mitigate damages), and thirteenth affirmative defense (Plaintiff had knowledge of the condition). In Response, Defendant withdrew its fifth and thirteenth affirmative defenses. ECF No. [21] at 5. The Court analyzes Defendant's third and sixth affirmative defenses.

## II.   LEGAL STANDARD

It is well-settled that when parties are in federal court through diversity jurisdiction, federal law governs the procedural mechanics of the case. *Erie Railroad Company v. Tompkins* 304 U.S. 64, 78, (1938); *Horowitch v. Diamond Aircraft Industries, Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011). Where a defendant removes a case to federal court, the Federal Rules of Civil Procedure ("Rules") and the standards within the Rules govern the case, and state pleading rules do not apply. *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.,* 781 F.3d 1245, 1260 (11th Cir. 2015).

### A.  Standard for Pleading Affirmative Defenses

An affirmative defense is a defense that "admit[s] to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. Oct. 7, 2013) (citation omitted). District courts in the Eleventh Circuit have been split as to the pleading standard necessary for affirmative defenses. *FAST SRL v. Direct Connection Travel LLC,* 330 F.R.D 315, 317 (S.D. Fla. Aug. 30, 2018). While some courts have held that affirmative defenses are subject to the heightened pleading standard of Rule 8(a) required by *Twombly* and *Iqbal*, *see, e.g., Torres v. TPUSA, Inc.,* No. 2:08-cv-618-FtM-29DNF, 2009 WL 764466, at *1 (M.D. Fla. Mar. 19, 2009), other courts that include this Court

have concluded that affirmative defenses need only satisfy the "less stringent standards" of Rules 8(b) and 8(c). *Laferte v. Murphy Painters, Inc.,* No. 17-cv-60376-BLOOM/Valle, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017). *See also Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 681 (S.D. Fla. Sept. 25, 2015). Recently published opinions within this district have reinforced that affirmative defenses need not "satisfy the strictures of *Twombly* and *Iqbal*." *Mad Room, LLC v. City of Miami,* No. 21-cv-23485-ALTMAN/Reid, 2024 WL 2776173 at *1 (S.D. Fla. May 30, 2024). Requiring the lower pleading standard for affirmative defenses "is faithful both to the letter and the spirit of Rules 8(b) and (c), as revealed through the plain language of Rule 8 and Eleventh Circuit precedent." *Tsavaris*, 310 F.R.D at 682.

Because this Court follows the lower pleading standard requirement set forth in Rules 8(b) and 8(c), an affirmative defense need only provide the opposing party "notice of any additional issue that may be raised at trial so that he or she is properly prepared to litigate it." *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) (citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 350 (1971)). In other words, an affirmative defense is sufficiently pled if "a plaintiff has notice that an affirmative defense will be raised at trial." *Hewitt v. Mobile Research Technology, Inc.,* 285 Fed. App'x. 694, 696 (11th Cir. 2008) (citing *Hassan*, 842 F.2d at 263).

**B. Motion to Strike**

Federal Rule of Civil Procedure 12(f) states "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on a motion made by a party." Fed. R. Civ. P. 12(f). When deciding on a party's motion to strike, courts have broad discretion. *FAST SRL,* 330 F.R.D at 317. Striking defenses from a pleading, however, "remains a drastic remedy to be resorted to only when required

3

for the purposes of justice and only when the stricken material has no possible relation to the controversy." *Id.* (citing *Guarantee Ins. Co. v. Brand Mgmt. Serv. Inc.,* No. 12-61670, 2013 WL 4496510, at *2 (S.D. Fla. Aug. 22, 2013). An affirmative defense can also be stricken by a court if it is insufficient as a matter of law. *Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F.Supp.2d 1314, 1319 (S.D. Fla. Apr. 8, 2005). An affirmative defense is insufficient as a matter of law when "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Authority*, 419 F. Supp. 992, 1000 (M.D. Fla. Aug. 10, 1976)).

### III.    DISCUSSION

#### A. Defendant's Third Affirmative Defense: *Fabre*/Non-Party Tortfeasor Defense

In its third affirmative defense, Defendant alleges that "any damages awarded to the Plaintiff are subject to apportionment by the jury of the total fault of all participants which may be responsible for damages claimed by Plaintiff." ECF No. [6] at 40. Plaintiff moves to strike Defendant's third affirmative defense because Defendant alleges the fault of a non-party tortfeasor without identifying the tortfeasor or providing "any details as to how this non-party is alleged to be at fault." ECF No. [17] at 4. Plaintiff maintains that she "is unable to rebut this affirmative defense in any meaningful way." Defendant responds that it has not yet had the opportunity to investigate the circumstances surrounding the Plaintiff's claim to identify the potential non-party. ECF No. [21] at 4. Defendant further states that it pled this affirmative defense in its Answer to "absolve the risk of being prevented from asserting the *Fabre* Affirmative Defense" later in the litigation. *Id.*

Case No. 24-cv-21612-BLOOM/Elfenbein

Florida Statutes § 768.81(3) provides that "[i]n a negligence action, a court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability." In *Fabre v. Marin,* 623 So. 2d 1182 (Fla. 1993), the Supreme Court of Florida held that under this statute, a defendant may request to add non-parties on a verdict form to apportion liability between the defendant and non-parties. *Id.* at 1185. In order to do so, "a defendant must plead the negligence of a non-party as an affirmative defense and specifically identify the non-party." *Nash v. Wells Fargo Guard Services, Inc.* 678 So. 2d 1262, 1264 (Fla. 1996). After the pleading stage but before the issue can go to the jury, defendant must prove, by a preponderance of the evidence, the non-party's fault in causing the plaintiff's injuries. *Id.* at 1265, n.1. *See also* Fla. Stat. § 768.81(3)(a)(2).

While not explicitly mentioned by the parties, federal district courts in Florida have acknowledged and permitted the use of the *Fabre* defense. *See Trice v. Ft. Lauderdale Owner, LLC.*, No. 08-61673-CIV, 2010 WL 11504396, at *1 (S.D. Fla. Sept. 23, 2010); *Pantages v. Cardinal Health 200, Inc.,* No. 5:08-cv-116-Oc-10GRJ, 2009 WL 10670299, at *1 (M.D. Fla. July 31, 2009). Moreover, a defendant may raise the *Fabre* defense without identifying the non-party when discovery is still being conducted. *Pantages,* 2009 WL 10670299, at *2. The *Fabre* defense permits a defendant to go forward with the defense so long as the defendant subsequently amends its answer sufficiently before trial to give the plaintiff notice, and there is no material prejudice to the plaintiff. *Id.*

In the instant case, Plaintiff correctly points out that "Florida law requires that in order to include a non-party on the verdict form, the defendant must specifically identify the non-party." ECF. No. [17] at 4. Defendant responds that it "has not yet had the opportunity to investigate and analyze the facts and circumstances surrounding the subject incident to identify potential non-party

5

tortfeasors who may have contributed. . . to the Plaintiff's alleged damages." ECF. No. [21] at 4. Fla. Stat. § 768.81(3)(a) supports Defendant's argument: "a defendant must affirmatively plead the fault of a non-party, and *absent a showing of good cause*, identify the party, *if known,* or describe the non-party as specifically as practicable. . . ." *Id.* (emphasis added). *Pantages* makes clear that it is permissible for Defendant to go forward with this affirmative defense, so long as Defendant "subsequently provides adequate notice of the *Fabre* non-party in an amended answer[.]" 2009 WL 10670299, at *2.

Discovery in this case is due to be completed on January 7, 2025. ECF No. [9] at 2. Consistent with *Pantages,* Defendant is not required at this early stage to name the non-party, and it is permissible to raise the *Fabre* defense without identifying the non-party. Accordingly, the Court denies Plaintiff's Motion to strike Defendant's third affirmative defense.

**B. Defendant's Sixth Affirmative Defense: Failure to Mitigate Damages**

In its sixth affirmative defense, Defendant alleges that Plaintiff "failed to mitigate her damages" and her damages "if any, should be reduced by the amount by which the Plaintiff could have lessened her claims, injuries, or damages." ECF No. [6] at 41. Plaintiff moves to strike this affirmative defense as Defendant "provide[d] no underlying facts to support this claim." ECF No. [17] at 5. Plaintiff also argues that, under Florida law, a properly pled affirmative defense "includes ultimate facts sufficient to provide notice of the proof of the defendant intends to rely upon to defeat the plaintiff's claims." *So. Fla. Coastal Elec. Inc., v. Treasures on Bay II Condo Ass'n*, 89 So.3d 264, 267 (Fla. 3d DCA 2012). Defendant responds that Florida law requires a defendant's "answer to state in short and plain terms, but specifically and with particularity, the grounds on which every defense in law or fact to each claim asserted is based." ECF No. [21] at 5. Defendant contends that the plain language is "legally sufficient on [its] face and provide[s] sufficient detail

to place Plaintiff on fair notice of the nature of each defense." *Id.* at 6.

As discussed above, applicable federal procedural law requires an affirmative defense to provide the opposing party with notice of the defendant's use of a particular defense. *Hassan v. U.S. Postal Service,* 842 F.2d 260, 263 (11th Cir. 1988). While a defendant need not set forth detailed factual allegations, a defendant must provide fair notice of the nature of the defense and the grounds on which it rests. *Suffolk Constr. Co. Inc. v. Edenburg Hospitality, Inc.,* No. 22-cv-20431-KMM, 2023 WL 2714183, at *1 (S.D. Fla. Mar. 7, 2023). In other words, an affirmative defense may not be "bare-bone conclusions of law without any supporting facts." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. at 678, 682 (S.D. Fla. Sept. 25, 2015).

Here, Defendant alleges that "Plaintiff failed to mitigate her damages" without stating any facts on which it bases this defense. ECF No. [6] at 41. Defendant further alleges that "the recovery of the Plaintiff's damages, if any, should be reduced by the amount by which the Plaintiff could have lessened her claims, injuries, or damages" again without stating *how* Plaintiff could have lessened her claims, injuries, or damages. *Id.* As discussed above, Florida pleading requirements have no bearing on a case in federal court, even in cases based on diversity jurisdiction. *Palm Beach Golf Center-Boca, Inc. v. John. G. Sarris, D.D.S., P.A.*, 781 F.3d, 1245, 1260 (11th Cir. 2015). Defendant's affirmative defense must meet the standards required by the Federal Rules of Civil Procedure: that is, Defendant's affirmative defense must provide fair notice of the nature of the defense and contain allegations that connect the defense to Plaintiff's claim. *Brown v. Wright National Flood Company*, No. 18-cv-10034-KMM, 2018 WL 7291069, at *3 (S.D. Fla. Aug. 13, 2018).

Courts within this district have previously granted motions to strike affirmative defenses that employ similar language. *See Suffolk Construction Co.,* 2023 WL 2714183 at *2 (striking an

affirmative defense where the defendant argued that the plaintiff's claims are "barred, in whole or in part, by [the plaintiff's] failure to mitigate damages"); *Brown,* 2018 WL 7291069, at *3 (striking an affirmative defense where the defendant failed to explain "how [the] plaintiff failed to mitigate her damages"). Conversely, where a defendant alleged that a plaintiff "failed to mitigate its damages by failing to accept an available refund of amounts paid[,]" the court found that the affirmative defense was sufficient, provided the plaintiff with adequate notice, and declined to strike the defense. *FAST SRL v. Direct Connection Travel LLC,* 330 F.R.D 315, 320 (S.D. Fla. Aug. 30, 2018). Defendant's sixth affirmative defense contains no factual allegations that connect its defense to Plaintiff's claim. For the affirmative defense to stand, Defendant must allege facts on which it bases the defense. Accordingly, the Court grants Plaintiff's motion to strike Defendant's sixth affirmative defense.

Leave to amend should be "freely given" absent a showing of "futility of amendment." *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1270 (11th Cir. 2006) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Here, Defendant's sixth affirmative defense is insufficient because it lacks supporting facts to provide Plaintiff fair notice of the nature of the defense but may otherwise be a valid affirmative defense. The Court concludes that Defendant should be granted leave to amend its sixth affirmative defense.

**IV.    CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike, **ECF No. [17]**, is **GRANTED in part and DENIED in part** as follows:

1. The Motion to Strike is **DENIED** as to Defendant's third affirmative defense.

2. The Motion to Strike is **GRANTED** as to Defendant's sixth affirmative defense.

3. Defendant may amend its sixth affirmative defense by filing an Amended Answer **by**

Case No. 24-cv-21612-BLOOM/Elfenbein

**August 26, 2024.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 15, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies To:

Counsel of Record